UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHU K. VUONG and MOSAIC REAL ESTATE INVESTMENT, LLC,<br><br>    Appellants,<br><br>    v.<br><br>JACQUELINE LOPEZ-FLORES and SAUL ROBERTO FLORES,<br><br>    Appellees. | Case No. 24-cv-03510-AMO<br><br>**ORDER DENYING MOTION FOR AN AWARD OF ATTORNEY'S FEES**<br><br>Re: Dkt. No. 19 |

Before the Court is Appellees' motion for an award of attorney's fees. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for November 20, 2025, is VACATED. *See* Civil L.R. 7-6, Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby denies the motion for an award of attorney's fees, because Appellees' motion does not comply with Civil Local Rule 54-5.

Civil Local Rule 54-5 requires, in pertinent part:

> Unless otherwise ordered, the motion for attorney fees must be supported by declarations or affidavits containing the following information:
> (1) A statement that counsel have met and conferred for the purpose of attempting to resolve any disputes with respect to the motion or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference, setting forth the reason the conference was not held; and
> (2) A statement of the services rendered by each person for whose services fees are claimed, together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained. Depending on the circumstances, the Court may require production of an abstract of or the contemporary time records for inspection, including in camera inspection, as the Judge deems appropriate

Civil Local Rule 54-5(b).

The declaration Stanley Zlotoff offers in support of Appellees' fee motion contains no statement that "describ[es] the manner in which time records were maintained." *See* Dkt. No. 19-1 ("Zlotoff Decl."). This deficiency warrants denial of the motion because without it, the Court has no assurance that the information Zlotoff reports is grounded in actual time expended. Denial of the motion is additionally warranted because Zlotoff did not make a good faith effort to meet and confer with opposing counsel. *See, e.g., Gomez v. Braby*, No. 22-CV-00036-PJH, 2022 WL 16556792, at *2 (N.D. Cal. Oct. 31, 2022) (denying motion for attorney's fees because counsel failed to meet and confer as required by the local rules); *Van v. Language Line, LLC*, No. 14-CV-03791-LHK, 2016 WL 5339805, at *12 (N.D. Cal. Sept. 23, 2016) (same). Zlotoff made no effort to comply with the meet and confer requirement, as his declaration states, "no meet and confer occurred, as I decided to move for fees at the last minute." Zlotoff Decl. ¶ 5. Neither does Zlotoff contend that a meet and confer was unnecessary as it would have been futile. *See Hernandez v. Caliber Bodyworks LLC*, No. 21-CV-05836-EMC, 2022 WL 2132914, at *4 (N.D. Cal. June 14, 2022) (excusing failure to meet and confer regarding a fees motion where counsel explained meeting and conferring would have been futile). Zlotoff's lack of planning does not constitute excuse for failing to comply with the local rules.

For these reasons, Appellees' motion for an award of attorney's fees is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 6, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**